

FILED

SEP 1 5 2017

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| SHAWN HOWARD WELLER, | Cause No. CV 17-90-H-DLC-JTJ |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MICHAEL FLETCHER, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

The case comes before the Court on Petitioner Shawn Howard Weller's

petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). As set

forth below, Weller seeks again to challenge a sentence imposed following the

revocation of his suspended sentence in 2012. He also raises a challenge to the

characterization of his criminal history and subsequent denial of parole.

I.      **Motion to Proceed In Forma Pauperis**

Weller has moved this Court to proceed in forma pauperis. (Doc. 2).

Because there is no reason to delay this action, Weller's motion will be granted.

II.      **§2254 Habeas Petition**

The petition at hand is Weller's sixth petition filed with the Court. It is his

second substantive attempt at challenging the 2012 revocation.[1] The procedural

background of his filings in both state and federal court was set out in great detail

in a prior order and will not be repeated herein. *See Weller v. Kirkegard*, No. CV-

16-65-H-DLC-JTJ, Mag. Or. and Find. & Rec. at 2-7 (Nov. 3, 2016). In that

matter, it was ultimately determined that Weller's challenge to the 2012 revocation

was time-barred and the matter was dismissed with prejudice. *Weller v. Kirkegard*,

No. CV-16-65-H-DLC-JTJ (D. Mont. Judg. entered Jan. 1, 2017). The Ninth

Circuit denied Weller's request for a certificate of appealability. *Weller v.*

*Kirkegard*, No. 17-35136 (9th Cir. Aug. 23, 2017).

### i.    Claim Challenging 2012 Revocation

In the present petition, Weller challenges the judgment of Hon. Ray Dayton,

issued in the Third Judicial District of Powell County, on May 8, 2017. (Doc. 1 at

2, 5); see also (Doc. 1-2 at 5-8). There, Judge Dayton denied Weller's request for

a state writ of habeas corpus, wherein Weller argued, in part, as he does in the

pending petition, that his 2012 revocation sentence was unlawful because it was

greater than the original sentence imposed in 2008. (Doc. 1-2 at 5-8). Judge

Dayton noted that Weller was originally sentenced to the Montana Department of

---

[1] Weller has also filed two petitions seeking to prospectively extend the timeline for filing habeas petitions relative to the 2012 revocation; both requests were denied. *See Weller v. State*, No. CV-16-60-DLC (D. Mont. Judg. entered Sept. 15, 2016); *Weller v. Fletcher*, No. CV-17-59-DLC (D. Mont. Judg. entered June 21, 2017).

Corrections (DOC) for twenty-two years with seventeen of the years suspended.[2]

Once Weller was found to have violated the conditions of the suspended portion of

his sentence, the trial court revoked his suspended sentence and sentenced him to

the Montana DOC for seventeen years with none of the time suspended. (Doc. 1-2

at 4-5). Weller is currently serving that seventeen year sentence.

In his petition, Weller takes issue with the 2012 revocation sentence

imposed upon him and argues that the trial court erred in imposing what Weller

characterizes as a "facially invalid" sentence because the trial court did not

suspend twelve of the seventeen years imposed upon revocation. (Doc. 1 at 7-

11).[3]

As a preliminary matter, this same issue could have been raised in Weller's

prior petition challenging the 2012 revocation judgment. Weller's prior petition

was deemed time-barred.[4] Attempting to raise this issue now only makes the claim

more untimely. Weller cannot use Judge Dayton's 2017 order denying his state

---

[2] As Weller points out in his petition (doc. 1 at 7), under Montana law, all but the first five years of a DOC commitment must be suspended. Mont. Code Ann §46-18-201(3)(A). Weller's original sentence complied with this statutory provision. But, once a judge finds that an offender has violated the terms or conditions of a suspended sentence, the judge may revoke the suspension of the sentence and require the offender to serve either **the sentence imposed** or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence. MCA § 46-18-203(7)(a)(iii)(emphasis added). As set forth above, a seventeen-year suspended sentence was imposed upon Weller following conviction.

[3] The Court presumes Weller believes that statute governing sentences that may be imposed following conviction, should also be applicable to sentences imposed upon revocation, despite the fact that there are separate statutes dealing with these distinct scenarios. *See*, n. 2.

[4] For statutory filing analysis, see *Weller v. Kirkegard*, No. CV-16-65-H-DLC-JTJ, Mag. Or. at 5-6 (Sept. 15, 2016, 2016).

habeas petition in an effort to restart the statute of limitations relative to the 2012

judgment. A state court habeas petition filed beyond the expiration of AEDPA's

statute of limitations does not toll the limitations period. *Ferguson v. Palmateer*,

321 F. 3d 820, 823 (9th Cir. 2003); *Jiminez v. Rice*, 276 F. 3d 478, 482 (9th Cir.

2001). Weller cannot toll the running of the already-run statute; his claim remains

time-barred.

Additionally, Weller's attempt at mounting a second challenge to the 2012

revocation is successive in nature. Unless and until Weller obtains leave from the

Ninth Circuit Court of Appeals to file a successive habeas petition, see 28 U.S.C.

§2244(b), this Court has no jurisdiction to hear his claims, *Burton v. Stewart*, 549

U.S. 147, 149 (2007)(per curiam).

To the extent that Weller seeks to challenge the Montana state courts'

interpretation of state law and the application sentencing provisions to him, see

(doc. 1 at 5-12), the claim is not cognizable in federal habeas. "[I]t is not the

province of a federal habeas court to reexamine state court determinations on state

law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Lewis v.*

*Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

The Court understands that Weller perceives the imposition of the entirety of

his suspended sentence upon him following his revocation as unfair, but that does

not convert this matter into one of constitutional import. Weller's reference to

purported Double Jeopardy and Due Process violations, (doc. 1 at 9), does not transform this state-law issue into a federal one. And while the Court is not suggesting that the state court erred in any manner by imposing the revocation sentence that it did; even if there was error, "a mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas." *Gilmore v. Taylor*, 508 U.S. 333, 348-49 (1993). For all of these reasons, this claim should be dismissed.

### ii.    Claim Challenging Parole Denial

Finally, Weller objects to a statement Judge Dayton made in his May 2017 Order relative to Weller's parole hearing and he now seeks correction. Apparently, Weller objects to Judge Dayton's observation that Weller believes Board of Pardons and Parole refuses to grant him a new hearing or release him on parole because his Presentence Investigation shows he has a previous felony DUI conviction in Idaho. See, (Doc. 1 at 12); (Doc. 1-2 at 5-6). Weller asserts he was not refused a new hearing based upon this purported error, but instead advised by the Board that if he could prove there was no felony in Idaho, Weller could be granted a new hearing. (Doc. 1 at 12-13). Weller asks this Court to correct Judge Dayton and advise the Board of Pardons and Parole that the Idaho DUI is a misdemeanor, not a felony. *Id.* at 13.

This Court is not able to provide Weller the relief sought. Federal district

courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Not only does this Court not have information upon which to determine what exactly is contained in Weller's criminal history, it would be entirely inappropriate for this Court to review Judge Dayton's order or advise the Board of Pardons and Parole in the manner suggested by Weller.

Moreover, there exists no substantive federal right to release on parole and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011)(per curiam). With respect to parole hearings, an inmate is constitutionally entitled only to an opportunity to be heard and a statement of reasons why parole was denied. 562 U.S. at 220. Likewise, in Montana there is no state-created liberty interest in parole. *Worden v. Mont. Bd. of Pardons & Parole*, 962 P. 2d 1157, 1165 (Mont. 1998)(holding that when the Legislature amended the statute in 1989, it eliminated any liberty interest in parole); see also Mont. Code Ann. §46-23-208(1)(providing the parole board *may* release a prisoner on parole when certain criteria are met)(emphasis added). Thus, there is neither a constitutional right nor a

protected liberty interest triggered in the instant case.

While Weller believes he was denied parole at his initial hearing because of an inaccuracy regarding a prior felony conviction in his presentence investigation report, this does not seem to be the sole basis for the denial. As explained by Judge Dayton, "[t]he board considered the other felonies, along with the severity of the offense committed in Lewis and Clark County, the chemical dependency evaluation, and the Petitioner's poor history on supervision and denied parole." (Doc. 1-2 at 6). Moreover, Judge Dayton noted Weller had avenues of relief available to him including: requesting a new parole hearing or seeking an early administrative review. *Id.* at 8. But, because Weller has no state-created due process interest in this parole-related issue, the Court cannot conceive of any viable federal ground for relief. This claim should be denied.

## III.   Conclusion

Weller's petition should be denied in its entirety. The claim challenging his 2012 revocation judgment is untimely and successive in nature. The claim challenging a purported error in Judge Dayton's order and the denial of parole is not cognizable in habeas and lacks merit.

## IV.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254

Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, ＿ U.S. ＿, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Weller has not made a substantial showing that he was deprived of a constitutional right. Further, to the extent that Weller seeks again to challenge his 2012 revocation judgment, the claim is untimely and successive in nature. Reasonable jurists would find no basis to doubt the jurisdictional ruling. *See, Lambright v. Stewart*, 220 F. 3d 1022, 1026 (9th Cir. 2000). There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

Mr. Weller's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is

8

GRANTED.

## RECOMMENDATION

1. Mr. Weller's Petition (Doc. 1) should be DENIED and the matter

DISMISSED.

2. The Clerk of Court should be directed to enter, by separate document, a

judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Weller may object to this Findings and Recommendation within 14

days.[5] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Weller must immediately notify the Court of any change in his mailing</u>

<u>address</u> by filing a "Notice of Change of Address." Failure to do so may result in

dismissal of this action without notice to him.

DATED this 15th day of September, 2017.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[5] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Weller is being served by mail, he is entitled to an additional three (3) days after the period would otherwise expire.